1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRETT P. RYAN,

                Plaintiff,

    v.

CAROLYN W COLVIN, Acting
Commissioner of the Social Security
Administration,

                Defendant.

CASE NO. 14-cv-05300 JRC

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT
TO 42 U.S.C. § 406(b)

15

16

17

18

19

       This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 25). Defendant has no objection to plaintiff's request (*see* Dkt. 27).

20

21

22

23

24

       The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v. Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 1

1   fee requested, taking into consideration the character of the representation and results achieved.

2   *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the

3   fee agreement is the primary means for determining the fee, the Court will adjust the fee

4   downward if substandard representation was provided, if the attorney caused excessive delay, or

5   if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151

6   (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

7         Here, the representation was standard, at least, and the results achieved excellent (*see*

8   Dkt. 25, Attachments 1, 2). *See Grisbrecht, supra*, 535 U.S. at 808. There has not been excessive

9   delay and no windfall will result from the requested fee.

10        The Social Security Administration has withheld 25% of the past due benefits awarded

11  and is holding $18,233.98 for the payment of attorney fees (*see* Dkt. 25, Attachment 2, p. 5).

12  Plaintiff has moved for a net attorney's fee of $10,889.49, which is the $18,233.98 currently held

13  by the agency less the $7,344.49 EAJA attorney fee award (*see* Motion, Dkt. 25; Order

14  Awarding EAJA Fees, Dkt. 24). *See* 31 U.S.C. §§ 3711(a), 3716(a); *Astrue v. Ratliff*, 130 S.Ct.

15  2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010); *see also Parish v. Comm'r. Soc. Sec.*

16  *Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

17        Based on plaintiff's motion and supporting documents (*see* Dkt. 25, 25-1, 25-2), and with

18  no objection from defendant (Dkt. 27), it is hereby ORDERED that attorney's fees in the amount

19  of $10,889.49 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b).

20        Dated this 9th day of October, 2015.

21

22

J. Richard Creatura
United States Magistrate Judge

23

24

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2